IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-410-CR





FREDERICK FRANK EBENAL,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. CR92-0284-A, HONORABLE CURT F. STEIB, JUDGE PRESIDING



 





 After the jury found appellant guilty of the offense of murder, Tex. Penal Code
Ann. § 19.02 (West 1989), the court assessed punishment, enhanced by a prior felony conviction,
at confinement for forty-eight years. Appellant asserts two points of error, contending that the
trial court erred by: (1) allowing an autopsy report and evidence about the autopsy report into
evidence even though the doctor who prepared the report did not testify; and (2) allowing a report
of gunshot residue analysis and evidence about the report into evidence even though the technician
did not testify. We will overrule appellant's points of error and affirm the judgment of the trial
court.

 Tom Green County Justice of the Peace Jerry Jennison testified that an inquest was
held on January 18, 1992 to determine the cause of death of Peggy Jones. After viewing the body
and pronouncing Jones dead, Judge Jennison ordered the body sent to the Bexar County Medical
Examiner's Office for an autopsy. This order was pursuant to a contractual agreement between
Tom Green County and Bexar County for the Bexar County Forensic Science Center to conduct
autopsies ordered by Tom Green County Justices of the Peace.

 Appellant's first point of error is directed to the trial court's admission, over
appellant's objection, of the testimony of Dr. Vincent DiMaio, Chief Medical Examiner of the
Bexar County Forensic Science Center. Dr. DiMaio testified that the results of the autopsy shown
by the records kept in his office reflected that the deceased died as the result of a shotgun blast
to her forehead. The autopsy was performed by Dr. Suzanne Dana, an assistant medical
examiner, who was no longer with the Bexar County Forensic Science Center at the time of trial. 
Dr. DiMaio related that all of the medial examiners in the office worked under his direction and
supervision and that he was the custodian of the medical records of Bexar County's Forensic
Science Center. Dr. DiMaio further testified that the autopsy reports were made at or near the
time of the occurrence by a person with personal knowledge about the subject matter.

 In his first point of error, appellant urges that the autopsy reports were not
admissible under Tex. R. Crim. Evid. 803(8) even though the reports were kept as records of
regularly conducted activity of that office in conformity with Tex. R. Crim. Evid. 803(6). Rule
803(8) provides in pertinent part:



The following are not excluded by the hearsay rule, even though the declarant is
available as a witness:


Records, reports, statements, or data compilations, in any form, of public offices
or agencies setting forth . . . (B) matters observed pursuant to duty imposed by law
as to which matters there was a duty to report, excluding, however, matters
observed by police officers and other law enforcement personnel, or (C) against
the state, factual findings resulting from an investigation made pursuant to
authority granted by law; unless the sources of information or other circumstances
indicate lack of trustworthiness.



 Appellant relies on Cole v. State, 839 S.W.2d 798 (Tex. Crim. App. 1990),
contending that Dr. DiMaio's testimony did not come within the exception to the hearsay rule. 
In Cole, the court held that the report of an absent D.P.S. forensic chemist was erroneously
admitted under Rule 803(6) because a D.P.S. chemist comes within the "other law enforcement
personnel" exclusion in Rule 803(8)(B). The Cole court noted that the D.P.S. laboratory was a
"uniquely litigious and prosecution-oriented environment" and was inherently unreliable due to
the maker's bias and motivation to make misrepresentations in contemplation of litigation. Id. at
809.

 In a recent opinion, the Court of Criminal Appeals addressed the issue of whether
medical examiners are considered "other law enforcement personnel" under Rule 803(8)(B) in
determining the admissibility of an autopsy report. Garcia v. State, No. 1095-92 (Tex. Crim.
App. Sept. 22, 1993). The court found that medical examiners, unlike D.P.S. chemists, as a
general rule, are disinterested third parties who do not have an inherent motive to distort the
results of their reports even though they may be used in the prosecution of a criminal case. The
court noted that even though the autopsy report may be filed with the district attorney, the
"medical examiner's office is not, as a general rule, such an uniquely litigious and prosecution-oriented environment as to create an adversarial context."

 In the instant cause, Judge Jennison was authorized to order an autopsy to
determine the cause of death. See Tex. Code Crim. Proc. Ann. art. 49.10 (West Supp. 1994). 
The results of the autopsy were contained in a report filed with Judge Jennison. The fact that the
body of the deceased was removed from the crime scene and delivered to Dr. Dana at the Bexar
County Forensic Center by the police does not make Dr. Dana "other law enforcement
personnel." A medical examiner's primary duty is to determine the cause of death. We conclude
that Dr. Dana had no inherent motive to alter or distort the results of her report because Tom
Green County law enforcement officers were investigating the deceased's death and appellant was
a suspect. Nor do we find that any of the foregoing circumstances indicate a lack of
trustworthiness in Dr. Dana's autopsy report. Appellant's first point of error is overruled.

 In his second point of error, appellant urges that the trial court erred in allowing
Dr. DiMaio to testify about the results of a gunshot residue analysis shown in a report made by
Joe Castorena, a technician employed by the Bexar County Forensic Science Center. It is
undisputed that Castorena's analysis was done as a part of the autopsy examination. The sole
thrust of appellant's contention is that Castorena's analysis was done as a part of a criminal
investigation pursuant to authority by law so as to make Castorena "other law enforcement
personnel" under Rule 803(8). We perceive no reason why Castorena, a technician in the medical
examiner's office, had any motive to distort the truth in an effort to assist the prosecution of
appellant. We conclude that our disposition of appellant's first point of error is dispositive of this
contention. Appellant's second point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Powers, B. A. Smith and Davis*

Affirmed

Filed: February 2, 1994

Do Not Publish 













* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).